IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EGNACIO WILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-1222-CV-W-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Egnacio Wiley ("Wiley") seeks judicial review of the Commissioner's denial of his request for disability benefits and income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands

of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Wiley argues that the ALJ erred by failing to use testimony from a vocational expert in determining that Wiley retains the RFC to perform work. The ALJ instead relied on the Medical-Vocational Guidelines ("the Grids") to determine that Wiley retains sufficient capacity to work.

If a claimant's impairments are non-exertional, the ALJ may not rely on the Grids but must obtain testimony from a vocational expert to determine whether the claimant has the capacity to work. *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005). If a claimant's impairments are both exertional and non-exertional, the ALJ may rely on the Grids if the non-exertional limitations "do no diminish or significantly limit" the claimant's capacity to perform work. *Id*.

The ALJ found that Wiley suffered from certain exertional limitations and "residual back pain," a non-exertional limitation. However, the ALJ properly discounted Wiley's subjective complaints and noted that "medications have been shown to give him significant pain relief, without serious side effects." Accordingly, the ALJ correctly concluded that Wiley's residual back pain does

not diminish or significantly limit his RFC to perform light work. The ALJ properly relied upon the Grids and did not need to evaluate testimony from a vocational expert.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE: January 30, 2007  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT